## Commonwealth v. Brosius et al.

*Sunday law—Summary conviction—Certiorari—Allowance of certiorari—Discretion of court—Act of April 22, 1794, 3 Sm. Laws, 177.*

1. The allowance of a *certiorari* to a summary conviction for violation of the Sunday law is a matter within the discretion of the court and not a matter of right.

2. Where an information charges a defendant in the language of the Sunday Act with engaging in worldly labor on Sunday, and a transcript of the justice's record, furnished by defendant, shows a due hearing and conviction, and that defendant knew with what he was charged, a *certiorari* will not be allowed where the defendant fails to aver in his petition that he was not guilty of the charge alleged against him.

Petition by defendants for allowance of a writ of *certiorari* to a justice of the peace on a summary conviction for violation of the Sunday law. C. P. Jefferson Co., Jan. T., 1925, No. 262.

*Walter E. Morris*, District Attorney, for Commonwealth.

*Brown & Means*, for petitioners.

CORBET, P. J., Jan. 23, 1925.—This is an application to the discretion of the court, a writ of *certiorari* not being of right in a case of this character. We are warranted, we think, in considering the application in a broader aspect than would be permissible, perhaps, were the record alone under consideration upon a *certiorari* returned. The law favors the determination of litigated matters on their merits, rather than, in a case of this kind, that a way should be opened up to escape a merited conviction on a technicality; especially where the application is not based on a denial of guilt of the offence charged.

Nowhere in the petition is it averred that defendants were or are innocent of the charge made against them. The grounds for the application are mainly, if not entirely, set forth in paragraph 4, thus: "That the complaint or information made against them . . . does not charge a violation or violations of the Act of April 22, 1794, 3 Sm. Laws, 177, commonly called the Sunday Law, or any other penal statute of the Commonwealth of Pennsylvania, in that it does

Commonwealth *v.* Brosius et al.

not show the particular act or kind of work that the defendants were charged with doing, and other facts to indicate that the same was not within the exceptions or provisos of the statute."

And defendants' alleged belief, stated in the sixth paragraph, thus: "This application is not made for the purpose of delay, but because your petitioners verily believe that said complaint or information was not cognizable before said justice of the peace, and that the proceedings proposed to be removed . . . are, to the best of the knowledge of your petitioners, unjust and illegal, and that the said justice of the peace was without jurisdiction in the premises."

The statute in question, 4 Purdon's Dig., 4485, pl. 3, so far as at present material, reads as follows: "If any person shall do or perform any worldly employment or business whatsoever on the Lord's Day, commonly called Sunday (works of necessity and charity only excepted), . . . and be convicted thereof, every such person so offending shall, for every such offence, forfeit and pay four dollars."

The information, as given in the petition, was that defendants "did on the 3rd day of February, 1924, on the Lord's Day, commonly called Sunday, engage in worldly labor which was not for charity or a work of necessity; said labor was performed in Ringgold Township, Jefferson County, and State of Pennsylvania."

This is practically in the language of the act describing the offence. It does not state that they used or practiced "any unlawful game, hunting, shooting, sport or diversion," and stating definitely one of the specific offences described in the act clearly distinguishes it from the others mentioned therein, and is insusceptible of being construed as including any of them, or as leaving the character of the charge in doubt or uncertainty. It is equally clear that it excluded and did not include any possible inference that the "dressing of victuals in private families, bake-houses, lodging-houses, inns and other houses of entertainment for the use of sojourners, travelers or strangers, or . . . watermen . . . landing their passengers, or ferrymen . . . carrying over the water travelers, or persons removing with their families, . . . the delivery of milk or the necessaries of life," were in any way involved. Indeed, no averment is made in the petition that defendants were in any embarrassment, doubt or uncertainty as to the specific act charged against them.

Defendants have furnished us a transcript from the justice's docket, from which it appears they were duly arrested and brought before the justice; that they demanded a hearing and severally posted a forfeit for their appearance thereat; that they appeared at the hearing accompanied by able counsel and were fully heard; that witnesses were sworn and examined for the Commonwealth and for the defendants; and that the sole defence made was, not that they were not performing worldly employment on the Lord's Day, commonly called Sunday, but, in effect, admitting it, that it was necessary to the fulfillment of a contract with the Conifer Coal Company to do certain work within a stipulated time.

The justice deeming the defence insufficient—properly, we think—adjudged the defendants guilty and imposed on each defendant the prescribed penalty.

That defendants knew with certainty what they were charged with when arrested, and before and at the time of the hearing, is certain, and they went on to trial. While the justice, perhaps, did not proceed with the clarity and regularity of an expert, yet we are unable to see that any injustice has been done the defendants, either in law or fact.

The application for a writ of *certiorari* is refused.

From Raymond E. Brown, Brookville, Pa.